**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0651n.06

No. 10-2601

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 20, 2012*

LEONARD GREEN, Clerk

DARRON DEON HOWARD,                    )
                                       )
    **Petitioner-Appellant,**           )        ON APPEAL FROM THE
                                       )        UNITED STATES DISTRICT
v.                                     )        COURT FOR THE WESTERN
                                       )        DISTRICT OF MICHIGAN
UNITED STATES OF AMERICA,              )
                                       )
    **Respondent-Appellee.**            )        **O P I N I O N**
                                       )
_____)

**Before: MOORE, SUTTON, and STRANCH, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Darron Deon Howard ("Howard") appeals from the denial of his motion to vacate his sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. Howard claims that his counsel's performance was deficient because counsel failed to argue either at sentencing or on direct appeal that certain criminal history points did not apply. For the following reasons, we **REVERSE** the district court's judgment and **REMAND** for an evidentiary hearing as discussed herein.

**I. BACKGROUND**

In February 2006, the Grand Rapids Police Department was responding to a report of an altercation when they approached Howard, who was in the area. Howard fled, discarding a handgun underneath a parked vehicle in the process. The police subdued and detained Howard and recovered the handgun. Howard admitted possessing the gun, which he claimed to have taken from someone

else at the scene to diffuse the altercation. Howard was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court accepted a plea of guilty on May 22, 2007,[1] and sentenced Howard to 120 months of imprisonment, the statutory maximum.

The PSR calculated Howard's total offense level as 28 and his criminal history as category VI. His criminal history score was thirteen points, which included six points relating to five juvenile offenses starting when Howard was eleven years old. At sentencing, Howard's counsel objected to the inclusion of three of the prior juvenile offenses for (1) malicious destruction of a building (PSR ¶ 39), (2) possession of marijuana and giving false information to a police officer (PSR ¶ 41), and (3) unlawful driving away of an automobile (PSR ¶ 42). The district court agreed that the first two of these offenses should be excluded because Howard was sentenced more than five years before the instant offense. The district court denied the objection as it related to the offense in paragraph 42. After removing the two excluded offenses, Howard had eleven criminal history points, which placed him in Category V. His sentencing guidelines range was therefore 130 to 162 months of imprisonment, and the district court sentenced Howard to the statutory maximum for the offense of 120 months of imprisonment. Howard's counsel filed a direct appeal raising only certain objections

---

[1]Howard initially signed a written plea agreement in November 2006, which he was permitted to withdraw by the district court at his original sentencing hearing. On April 30, 2007, the first day of trial, Howard again pleaded guilty, but without a written agreement.

to the calculation of Howard's offense level.[2]  We affirmed.  *United States v. Howard*, 301 F. App'x 446 (6th Cir. 2008) (unpublished opinion).

On February 16, 2010, Howard filed pro se a timely motion under 28 U.S.C. § 2255 arguing that his criminal history category was erroneously high due to the wrongful inclusion of the offenses in paragraphs 38, 42, and 43 of the PSR, and that his counsel's performance was deficient for not presenting this issue.  Howard claims that before sentencing, he wrote to his counsel asking him to object to the addition of two criminal history points for the offense in paragraph 38 of the PSR, for retail fraud, curfew violation, and unarmed robbery committed when Howard was only 11.  His counsel failed to raise any argument before the district court with respect to that offense.  Before his direct appeal was filed, Howard claims that he again reached out to counsel about including objections to his criminal history points.  Howard's counsel did not respond, and no challenges were made on direct appeal to the inclusion of any criminal history points, including the challenge to paragraph 42 previously rejected by the district court.  The district court denied Howard's § 2255 motion, without a hearing, on the grounds that Howard's claims were procedurally defaulted and that Howard had failed to show cause and prejudice to overcome the default.  R. 72 (D. Ct. Op. & Order at 5, 15).  The district court also denied a certificate of appealability ("COA").  *Id.*; *see also* R. 76 (D. Ct. Op. & Order at 10-11).  Howard filed a pro se motion for a COA before this court, which we granted.

---

[2]Howard did not raise any objections to the calculation of his total offense level on collateral review and does not raise those issues on this appeal.  Appellant Br. at 7 n.3.

3

## II. JURISDICTION

We have jurisdiction to review any final order denying relief under 28 U.S.C. § 2255, but only if a COA has been granted. 28 U.S.C. § 2253(c)(1)(B). Here, a COA was issued, but it does not identify the issues for which appeal is authorized as required by § 2253(c)(3). However, the Supreme Court has recently clarified that the specificity requirement in § 2253(c)(3) is mandatory, but not jurisdictional. *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012). Therefore, the fact that the COA failed to comply with § 2253(c)(3) does not divest us of jurisdiction to hear Howard's appeal.

The next question that we must resolve is what issues were covered by the general COA. The parties do not argue, and we do not ourselves hold, that our review is limited to the issues identified in Howard's request for a COA. Howard's pro se request for a COA sought review only of the district court's discussion of his prior offenses in paragraphs 42 and 43 of the PSR, but made no mention of reviewing the district court's decision with respect to paragraph 38, which is the primary offense argued on appeal. R. 74 (Request for COA). Howard's brief on appeal filed by appointed counsel addresses paragraphs 38 and 42, both of which were addressed by the district court, and the government has responded fully to these claims. We have previously recognized our inherent authority to expand sua sponte the scope of the COA to encompass additional issues briefed and addressed on the merits before the district court, and we exercise that authority now to expand the scope of Howard's COA to encompass the issues briefed on appeal. *See Meadows v. Doom*, 450 F. App'x 518, 519 n.1 (6th Cir. 2011) (unpublished opinion); *Humphreys v. United States*, 238 F. App'x 134, 138-39 (6th Cir. 2007) (unpublished opinion); *Mack v. Holt*, 62 F. App'x 577, 578 (6th

Cir.) (unpublished opinion), *cert. denied*, 540 U.S. 862 (2003); *see also United States v. Shipp*, 589 F.3d 1084, 1087-88 (10th Cir. 2009) (collecting cases).

### III. CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

Howard argues that his counsel was ineffective for failing to object to the inclusion of two of his juvenile convictions in his criminal history calculation. He argues that counsel's performance was prejudicially deficient for not objecting to paragraph 38 because the relevant offense did not include a "sentence to confinement" under U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4A1.2(d)(2)(A) and therefore should have been only one point rather than two, or may have been a "diversionary disposition" under U.S.S.G. § 4A1.2(f) and should have been zero points. He argues that counsel's performance was also prejudicially deficient for not objecting to paragraph 43 because the particular offense was an uncounted misdemeanor under U.S.S.G. § 4A1.2(c)(1). We decline to resolve these issues, however, because we agree with Howard that the district court erred in not conducting an evidentiary hearing in this case.

We review for abuse of discretion the district court's decision not to hold an evidentiary hearing on a motion for relief under 28 U.S.C. § 2255. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), *cert. denied*, 552 U.S. 1217 (2008). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard." *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 368-69 (6th Cir.), *cert. denied*, 552 U.S. 1040 (2007). Unlike the limited availability of hearings with motions under 28 U.S.C. § 2254, the statutory language of § 2255 expressly instructs the district court to "grant a

prompt hearing" to resolve any factual questions not conclusively resolved by the record. 28 U.S.C. § 2255(b). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court *must hold* an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine*, 488 F.3d at 333 (emphasis added) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The exception is if the "record conclusively shows that the petitioner is entitled to no relief." *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see also* 28 U.S.C. § 2255(b).

The district court did not discuss the standard for granting an evidentiary hearing. Although it deemed Howard's claims meritless, the district court did not determine that the existing record *conclusively showed* that Howard's ineffective-assistance claims lacked merit. Instead, the district court determined that Howard's failure to raise his ineffective-assistance claim on direct appeal constituted waiver and applied the standard that a defendant must meet to overcome a procedural default. The district court determined that Howard's claims failed because Howard did not "present affirmative evidence and argument as to the precise cause and the precise prejudice produced" necessary "[t]o overcome [the] strong presumption against using collateral review to raise" these supposedly defaulted claims. R. 72 (D. Ct. Order at 6, 8). The Supreme Court, however, has made clear that claims of ineffective assistance of trial counsel may be raised for the first time on collateral review under § 2255. *Massaro v. United States*, 538 U.S. 500, 505 (2003). Indeed, we frequently refuse to hear claims of ineffective assistance of counsel on direct appeal precisely because such claims are better suited for review on a § 2255 motion in a forum wherein factual disputes may be considered and resolved. *United States v. Bradley*, 400 F.3d 459, 461-62 (6th Cir.) (citing *Massaro*,

538 U.S. at 503-05), *cert. denied*, 546 U.S. 862 (2005).  The district court therefore abused its discretion in declining to grant an evidentiary hearing on Howard's claims by subjecting Howard to an erroneously high legal burden rather than considering whether the record conclusively showed that his claims lacked merit.

Howard's first two arguments require an evidentiary hearing because the record is deficient regarding the nature of his juvenile sentences that ultimately required his attendance at the Glen Mills program in Pennsylvania.  Under U.S.S.G. § 4A1.2(d)(2)(A), a defendant should receive two criminal history points for any "juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense."  U.S.S.G. § 4A1.2(d)(2)(A).  The Guidelines do not further define the meaning of "confinement," but we have previously held that a defendant's "commitment to a juvenile facility constitutes" confinement within the meaning of the enhancement. *United States v. Hanley*, 906 F.2d 1116, 1120 (6th Cir.) (citing *United States v. Kirby*, 893 F.2d 867, 868 (6th Cir. 1990)), *cert. denied*, 498 U.S. 945 (1990).  Whether a juvenile placement can be classified as confinement is a question of fact. *United States v. Williams*, 176 F.3d 301, 311 (6th Cir. 1999).

Here, the record contains a dearth of information regarding the nature of Howard's stay at Glen Mills and whether his time there was the result of an adjudication of guilt for any specific offense and not simply a result of his being a ward of the state.  The PSR refers to it as a "commitment," but we have trouble reading this language as conclusively showing that Howard's claim lacks merit when his very claim is that counsel was ineffective for failing to object to the

7

PSR's categorization of this offense. Nor does the PSR contain additional factual recitations about Howard's stay at Glen Mills or the juvenile proceedings that led up to his stay there from which we could conclude that the record conclusively shows that his stay constituted a juvenile commitment under *Hanley*. Indeed, counsel at sentencing referred to it as a "wonderful school," R. 55 (Sent. Hr'g Tr. at 9), and the PSR also suggests that Howard was easily able to leave to visit his family. Suffice it to say, the record does not conclusively show that Howard was "commit[ted] to a juvenile facility" following an adjudication of guilt by the Michigan juvenile court. Howard has made more than just bare assertions of a fact dispute on this issue; he therefore should have received an evidentiary hearing. *Valentine*, 488 F.3d at 333.

For the same reasons, Howard's claim regarding a potential diversionary disposition must also be remanded. Section 4A1.2(f) provides:

> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

The commentary explains that adult diversionary sentences resulting in a determination of guilt are counted because "defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2 cmt. n.9. For both adults and juveniles, therefore, diversions without a finding of guilt are not counted at all. Diversions that include an admission of guilt are counted for adults, but not juveniles. There is no further guidance on the meaning of "diversion."

8

We adopt the well-reasoned approach of the First Circuit in *United States v. DiPina*, 178 F.3d 68 (1st Cir. 1999). Where we simply lack the juvenile records from which to conclude whether the defendant received a diversionary disposition, the proper course is to remand for resolution of the fact question in the first instance. *Id.* at 77; *see also United States v. Martinez-Martinez*, 41 F. App'x 96, 99 (9th Cir. 2002) (unpublished opinion) (remanding for determination of whether disposition to "juv. facility" was diversionary). Although classifying a sentence as diversionary under the Guidelines is a question of federal law, *Williams*, 176 F.3d at 311-12, determining the actual terms of a juvenile's sentence requires careful analysis of the state laws under which a defendant was sentenced, *see id.* (looking to state law for details of state sentence but not classification). The record does not cite any provision of Michigan law or juvenile records from which we could conclusively determine the nature of the charges against Howard.

The district court considered the merits of this argument only as a stand-alone claim and concluded that Howard "has not carried [his] burden" under AEDPA "by presenting or pointing to any hard evidence proving that these convictions were in fact diversionary." R. 72 (D. Ct. Op. & Order at 13). This was not the correct standard for reviewing a new claim of ineffective assistance of counsel under § 2255; instead, the district court must first determine if the record "conclusively show[s]" that Howard's claim has no merit. 28 U.S.C. § 2255(b). Because this record does not conclusively show that Howard's counsel was not deficient for failing to argue that Howard's sentence was diversionary, the district court erred in not holding an evidentiary hearing to resolve

this claim. We must therefore remand for an evidentiary hearing on whether counsel could have reasonably concluded that Howard's sentence for this offense was not diversionary.

Finally, we do not agree with the government that Howard waived his argument with respect to the inclusion of paragraph 43 for giving false information to a police officer. Howard's initial pro se § 2255 motion clearly argued that counsel was ineffective for not objecting to the inclusion of this specific offense. Howard admittedly did not cite U.S.S.G. § 4A1.2(c)(1) until appeal, but he relied in part on *United States v. Hall*, 531 F.3d 414 (6th Cir. 2008), a case applying that provision (and only that provision). That sufficed to preserve the argument here. Under U.S.S.G. § 4A1.2(c)(1), a misdemeanor offense for giving false information to a police officer should not be counted in a defendant's criminal history unless "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." The government does not dispute that Howard was not sentenced to a term of probation of at least one year for this offense, and the government does not dispute that giving false information to a police officer is not similar to the instant offense of being a felon in possession of a firearm. Appellee Br. at 25. The government argues only that Howard was sentenced to continue his stay at Glen Mills for this offense, that he was at Glen Mills for at least thirty days, and that Glen Mills constitutes "imprisonment" under the Guidelines.

The PSR, however, makes it unclear whether Howard's sentence for this offense involved a stay at Glen Mills. Paragraph 43 of the PSR states that Howard provided the Grand Rapids Police Department a false name and date of birth on November 3, 2001. PSR ¶ 43. Under "Disposition,"

the PSR states, "04-18-02/Continued temporary ward of the court, probation; 10-17-02/Discharged from probation." *Id.* Howard was on probation at the time for his previous offenses, and the PSR further notes that "Mr. Howard's previous non-compliance with his probation term has been detailed above in paragraph 3[8]." *Id.* Nothing in paragraph 43 suggests that placement at Glen Mills was part of his sentence for the offense of giving false information. Paragraph 38, however, states that after his arrest for giving a false name, he "was ordered to complete the Glen Mills Program." PSR ¶ 38.

The record does not conclusively show that an objectively reasonable counsel would have ignored this objection. U.S.S.G. § 4A1.2(c) explicitly excludes the misdemeanor offense of giving false information absent certain sentences for the conduct. The PSR gives inconsistent accounts of his state sentence (if any), making it impossible to tell whether the guidelines calculation was correct. On remand, Howard may also introduce state-court records to show that his false-information charge should have been disregarded.

## IV. CONCLUSION

For the aforementioned reasons, we **REVERSE** the district court's judgment and **REMAND** for further proceedings consistent with this opinion.